# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2022

_____

| | | |
|---|---|---|
| Community Stabilization Project, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Mel Martinez, in his official capacity | * | District Court for the District |
| as Secretary of the Department of | * | of Minnesota. |
| Housing and Urban Development; | * | |
| United States Department of Housing | * | [UNPUBLISHED] |
| and Urban Development; City of | * | |
| St. Paul; Carey Apartments Limited | * | |
| Partnership; Firstar Trust Co., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 13, 2002

Filed: February 27, 2002

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After the City of St. Paul proposed to purchase and demolish a low-income apartment building owned by the Carey Apartments Limited Partnership and subsidized by the United States Department of Housing and Urban Development (HUD), Community Stabilization Project (CSP), a nonprofit organization seeking to

preserve affordable rental housing, brought this action against the City, the owner, and HUD. CSP mainly alleged HUD violated 12 U.S.C. § 1701z-11(k) when it sold the mortgage on the apartments without attaching restrictions ensuring the building would continue to operate as low-income housing for the mortgage's full term. On February 27, 2001, the district court granted the defendants' motion to dismiss, concluding CSP lacked standing and failed to state a claim for relief. On April 20, 2001, the owner served notice of its intent to sell, making the earliest possible closing date 150 days later. CSP filed its notice of appeal on April 24, 2001. Despite having notice of the impending sale, CSP did not seek an expedited appeal. CSP then waited until September 13, 2001 to seek a stay or injunction pending appeal from the district court, and until September 24, 2001, nine days before the closing, before asking us for a stay or injunction pending appeal. Like the district court, we denied relief. The apartments were sold on October 3 and demolished three weeks later.

CSP has now filed a motion to dismiss its appeal as moot. CSP says it brought this action to preserve the building as low-income housing and, because the building no longer exists, "there is no longer a basis for proceeding with this action." CSP states it "would be very difficult if not impossible for the court to fashion a remedy directed at the injury CSP has suffered." When the City completed the purchase, HUD lost control over the building's future, and when the building was demolished, there was no longer anything left to preserve. CSP's complaint also sought replacement housing, but CSP contends the fashioning of such a remedy would be extremely difficult because HUD's regulatory agreement with the owner no longer exists. We agree with CSP that all the claims in its lawsuit are moot.

CSP also contends we should vacate the district court judgment and thus effectively deny the judgment the effect of res judicata. As the party who sought relief from the judgment below, CSP has the burden to show "equitable entitlement to the extraordinary remedy of vacatur." U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994). Whether we vacate the district court's judgment or

simply dismiss the appeal, leaving the district court's judgment intact, depends on the equities of the case. Id. at 24. Vacating the judgment is appropriate when the losing party "is frustrated by the vagaries of circumstance," or mootness results from unilateral action of the prevailing party. Id. at 25. Vacatur is not appropriate when mootness arises from the voluntary actions of the party who lost below. Id. at 24.

CSP asserts it is entitled to vacatur of the district court's judgment because this action was mooted by the unilateral action of the prevailing parties in selling and demolishing the building while the judgment was pending appeal. We disagree. CSP knew the sale and demolition of the building would proceed unless it obtained a stay or an injunction. Rather than diligently protecting its rights, CSP waited for five months after receiving notice of the sale before seeking a stay or an injunction, just days before the closing. Further, CSP could have sought an expedited appeal, but failed to do so. Under these circumstances, we cannot say the equities favor CSP, and thus deny CSP the extraordinary remedy of vacatur.

In sum, we grant CSP's motion to dismiss the appeal as moot, and deny CSP's motion to vacate the district court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-